Johnson, J.
Two questions are presented on the foregoing statement:
1st. Had the court jurisdiction over the plaintiff in error ? and,
2d. Were the conveyances of other lands admissible for the purpose of showing guilty knowledge ?
1st. As to the jurisdiction of the court. Is the crime charged an extra-territorial crime ? Was it committed by the accused in Missouri or in Ohio ?
If he were indicted for the forgery of this deed, he could *511 not be punished in Ohio, as it is conceded that all his acts that constitute that crime were committed in Missouri. When he procured the notary in St. Louis to forge the signatures, and 'the acknowledgment of the grantors, with the criminal intent, the crime of forgery was consummated in the state of Missouri. But this is not the charge in the case at bar. It is for knowingly uttering and publishing as true and genuine a false and forged deed. It is wholly immaterial where the forgery was committed.
The question therefore is, was this deed uttered and published in Jefferson county, Ohio, and was Lindsey guilty of this crime ?
That this forged deed was uttered and published in Ohio, by T. & D. Hall, who supposed it was genuine, is clear from the evidence.
Now, it is assumed that the jury had evidence to warrant them in finding that T. & D. Hail did so utter aud publish this deed by the procurement of Lindsey.
The crime was therefore completed or consummated in Ohio, through the instrumentality of an innocent agent. It is-wholly immaterial whether his co-defendant Morris was his confederate or his dupe, as in either case the acts of Morris by correspondence mailed in St. Louis to T. & D. Hall, were simply the means used to consummate a crime in Ohio. The crime had its inception in Missouri, but it was committed in Ohio by innocent agents. If a letter containing a forged instrument is mailed at one place to be sent to another, the venue must be laid where the letter is received. 8 Greenl. § H2.
The crime of uttering and publishing is not complete until the paper comes to the hands of some one other than the ■accused, and if it be sent by mail for the purpose of being there used, the crime is not consummated until it is received by the person to whom it is to be delivered. It is a fundamental principle that a person is responsible criminally for acts committed by his procurement as well as for those done in person. The inherent power of the state to punish the uttering and publication of forged instruments within its territorial *512 limits, without regard to the place where the forgery was committed, or purpose was formed, is essential to the protection of her people. It is now a generally accepted principle, that one who in one county or state employs an innocent agent in another to commit a crime, is liable in the latter county or state. Robbins v. The State, 8 Ohio St. 131; Norris v. The State, 25 Ohio St. 217; 1 Whart. Grim. Law, 7th ed. §§ 210, 278 ; see also Commonwealth v. Macloon, 101 Mass. 1; Commonwealth v. Smith, 11 Allen (Mass.) 243; Commonwealth v. Blanding, 3 Pick. 304; Rex v. Johnson, 7 East 65; Wh. Con. of L. §§ 877-921; People v. Adams, 3 Denio, 190, affirmed, 1 N. Y. 173. United States v. Davies, 2 Sumn. 482; State v. Wyckoff, 2 Vroom (N. J.) 68; Commonwealth v. Gillespie, 7 Serg. & R. 469; Stillman v. White Rock Co., 3 Woodb. & M. 538; Rex v. Garrett, 6 Cox C. C. 260; Rex v. Jones, 4 Cox C. C. 198; State v. Grady, 34 Com. 118.
2d. Were the deeds and deeds of trust admissible for the purpose of proving guilty knowledge.
It is essential that the prosecution should, by competent evidence, satisfy the jury that' the accused had such knowledge.
These instruments were either general warranty deeds, like the one described in the indictment, or deeds of trust to secure notes and bonds for the payment of money. It is conceded they were all forgeries. Some of them were found in Lindsey’s possession, and some of them had been uttered by him. They were all deeds of land, some conveying the title absolutely to the grantee, and others to vest such title in the grantee in trust to secure the payment of money. Under the statute of Ohio (R. S. 7091) it was an indictable ofíense to forge such instruments, or to utter and publish them with intent to defraud. The crime here charged is, that of uttering and publishing a forged deed of general warranty.
The claim is, 1st, that none of these instruments were admissible, because of the general rule that another and a distinct crime, in no way connected with the one charged, can be given in evidence on the trial of the crime charged; and, 2d, that even if the warranty deeds were admissible, the deeds of trust *513 were not, as not being of tbe same description with tbe deed described in tbe charge.
That the warranty deeds were admissible is well settled. “ In proof of the criminal uttering of a forged instrument it is essential to prove guilty knowledge on the part of the utterer. And to show this fact evidence is admissible that he had about the same time uttered or attempted to utter other forged instruments of the same description ; or, that he had such others, or instruments for manufacturing them in his possession.” 3 Greenl. Ev. (8th ed.) § 111; Hess v. State, 5 Ohio 9; Reed v. State, 15 Ohio 217; Shriedley v. State, 23 Ohio St. 130; Bainbridge v. State, 30 Ohio St. 264.
But it is claimed that these deeds of trust were not “ of the same description,” as the warranty deed, described in the indictment. The words “ of the same description,” are taken from the above citation from 3 Greenleaf. Ev.; but in 1 Greenl. Ev. § 53, the text reads: “ So an indictment for knowingly uttering a forged document, or a counterfeit banknote, proof of the possession, or the prior or subsequent utterance of other false documents or notes, though of a different description, is admitted as material to the question of guilty knowledge or intent.”
The rule, as stated -by Phillips is : “ Thus, in a prosecution for uttering a bank-note, bill or promissory note, with knowledge of its being forged, proof that the prisoner had uttered other forged notes or bills, whether of the same Mnd or a different Icincl, or that he had other forged notes or bills in his possession, is clearly admissible, as showing that he knew the note or bill in question to be forged.” 1 Phillips on Ev. 768-769.
In a note by Oowen & Hill, which discusses the cases on this rule, the conclusion reached is, that “ on the whole, the decided weight of authority would seem to be in favor of receiving the evidence, whether the other bills, &c., be ejusdem generis or not.”
This conclusion, when applied to trials for uttering forged and counterfeit instruments, is abundantly supported by the authority of the cases cited in notes to the foregoing citations. *514 Also, The King v. Whiley, 2 Leach C. C. 983; Rex v. Ball, Russ. & Ry. C. C. 132; Sunderland’s case, 1 Lewin C. C. 102; 2 Russell on Crimes, 404 et seq. Cook v. Moore, 11 Cush. 216; Note 3 to section 53, 1 Greenleaf.
As guilty knowledge is an essential ingredient of this class of crimes, and as the burden is on the prosecution to prove such knowledge, the reason of the rule is apparent.
Without the aid of other acts and conduct of the accused, than the one charged, it would be impossible to prove this allegation. Proof of the single act charged, will not of itself warrant the inference of guilty knowledge. Hence this exception to the general rule, that other acts of the accused calculated to raise a presumption of such knowledge, are admissible. Other acts which, in their nature, do not aid the jury in determining this question, are not competent, but when such acts or conduct tend to raise a presumption of such knowledge, they are admissible.
In the case at bar, the charge is for knowingly uttering a forged deed with intent to defraud, that is, by this pretended conveyance of the title, to obtain money fraudulently. The forged deeds of trust were in the nature of mortgages to secure notes and bonds for money. They conveyed the title to a trustee to secure those who advanced money on the faith of this conveyance.
Although these instruments are not identical in tenor or affect with an absolute deed, yet the fact, if it be one, that the accused was engaged iñ obtaining money by this class of forged instruments, is calculated to raise a strong presumption that he knew that a deed of warranty used to accomplish the same purpose, — that is, to obtain money, — was also forged.
The general conduct of the accused in uttering forged deeds of trust, to raise money about the same time, tends to show he is engaged in that business, and the inference is natural and cogent, that he knew the warranty deed he uttered in the case at bar, was of the same character.

Judgment affirmed.